IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 1:16-CR-63 |
| | ) | |
| CHRISTOPHER LAVERNE EZEKIEL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, Chief District Judge.

The defendant-inmate, Christopher Ezekiel, is serving a 188-month sentence for one count of possession of a firearm in furtherance of a drug trafficking crime. He seeks a sentence reduction under § 3582(c)(1)(A) based on his rehabilitative efforts and a change in the way the guidelines consider age. Because he has not shown an extraordinary and compelling circumstance and the § 3553(a) factors counsel against release, the motion will be denied.

**I.    Procedural History**

In 2016, Mr. Ezekiel was charged in a multi-count indictment with various drug and firearms crimes. Doc. 3. Mr. Ezekiel pled guilty to one count of possession of a firearm in furtherance of a drug trafficking crime, pursuant to a plea agreement with a binding agreement that he be sentenced between 151 and 188 months. Minute Entry 5/5/2016; Doc. 17.

Mr. Ezekiel had a lengthy criminal history. He committed many crimes before he was 18, *id.* at ¶¶ 18–24, and even more in his 20s and 30s. *Id.* at ¶¶ 25–32. Because Mr.

Ezekiel was a career offender, the guidelines suggested a sentence between 360 months to life. *Id.* at ¶ ¶ 15, 33, 57.[1]

The Court accepted the plea agreement and sentenced Mr. Ezekiel to a below-guidelines sentence within the agreed-upon range: 188 months.[2]  Doc. 32 at 2.  His conviction was affirmed on appeal.  Doc. 41.

In 2024, Mr. Ezekiel filed a motion for reduced sentence pursuant to Amendment 821, a retroactive amendment to the guidelines.  Doc. 46.  The probation office and the government agreed that he did not qualify for a sentence reduction under that amendment, Docs. 48, 49, and the Court denied the motion.  Doc. 51.

In February 2025, Mr. Ezekiel filed a "Motion for Sentence Reduction Pursuant to 18 U.S.C. 3582(c)(1)(A); U.S.S.G. Sec. 1B1.13; 5H1.1."  Doc. 50.  Now 49 years old, *see* Doc. 28 at 2 (showing date of birth as July 3, 1976), he contends that his sentence should be reduced because of his rehabilitative efforts and based on an amendment to the guidelines that changes the way they account for age.  Doc. 50.

---

[1] The Court adopted the pre-sentence report without change.  Doc. 37 at 26.  As stated in the report: "The guideline for a violation of 18 U.S.C. § 924(c) is found in USSG §2K2.4.  According to USSG §2K2.4(b), the guideline sentence is the minimum term of imprisonment required by statute; however, in this case, the defendant committed a violation of 18 U.S.C. § 924(c) and is determined to be a Career Offender. The defendant was at least eighteen years old at the time he committed the instant offense, and the instant offense of conviction is a felony that is a controlled substance offense. The defendant has predicate convictions of a crime of violence and a controlled substance offense, Felony Robbery with a Dangerous Weapon (92CRS17030) and Felony Possession with Intent to Sell and Deliver Cocaine (07CRS55690); therefore, pursuant to USSG §4B1.1(c)(1), the applicable guideline range is determined using the table at §4B1.1(c), which results in an applicable guideline range of 360 months to life." Doc. 28 ¶ 15.

[2] The undersigned was the sentencing judge.

## II. Section 3582(c)(1)(A)

### A. General Standard

Courts do not have unfettered jurisdiction or discretion to modify criminal sentences. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) ("The law closely guards the finality of criminal sentences against judicial change of heart." (cleaned up)). A court may modify a sentence only when a provision in the Federal Rules of Criminal Procedure or a statute expressly permits. *See* 18 U.S.C. § 3582(c); *United States v. Jenkins*, 22 F.4th 162, 169 (4th Cir. 2021). Section 3582(c)(1)(A), often colloquially if somewhat inaccurately called the "compassionate release" provision, is one such statutory provision. *See Jenkins*, 22 F.4th at 169.

In 2018, the First Step Act amended § 3582(c)(1)(A) to allow defendant-inmates to move for compassionate release directly. Courts analyze compassionate release motions by first assessing whether extraordinary and compelling reasons exist and whether a sentence reduction is consistent with the applicable policy statement issued by the Sentencing Commission.[3] *United States v. Moody*, 115 F.4th 304, 310 (4th Cir. 2024); *United States v. Crawley*, 140 F.4th 165, 169 (4th Cir. 2025). If so, courts then consider whether the relevant § 3553(a) sentencing factors support early release. *Moody*, 115 F.4th at 310; *Crawley*, 140 F.4th at 169.

---

[3] The policy statement defining conditions that constitute extraordinary and compelling circumstances took effect November 1, 2023. *See* U.S. Sent'g Comm'n, *Amendments to the Sentencing Guidelines* (2023), https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202305_RF.pdf.

3

## B. Extraordinary and Compelling Circumstances

In the policy statement, the Sentencing Commission defines the limited and specific circumstances that individually or in combination constitute extraordinary and compelling circumstances. *See generally* U.S.S.G. § 1B1.13(b). There are only six categories of circumstances that qualify. *See id.*

In his motion, Mr. Ezekiel seeks a reduction based on a change in the way the guidelines consider age. Doc. 50 at 2. That suggests he is relying on U.S.S.G. § 1B1.13(b)(6), which addresses changes in the law. A defendant may show an extraordinary and compelling circumstance under § 1B1.13(b)(6) if: (1) the defendant has served at least 10 years imprisonment; (2) the defendant is serving an unusually long sentence; and (3) an intervening change in law "other than an amendment to the Guidelines Manual that has not been made retroactive" has produced a "gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(6).

Mr. Ezekiel does not qualify for relief under § 1B1.13(b)(6) because he has not identified a change in law for which relief may be granted. While it appears likely he has served at least ten years imprisonment,[4] he has not shown that his sentence is unusually long or that a change in the law other than a non-retroactive guideline change has produced a gross disparity.

---

[4] The presentence report shows that Mr. Ezekiel went into custody on related state charges on June 9, 2014. Doc. 28 at 1.

4

Mr. Ezekiel relies on Amendment 829 to the guidelines. *See* Doc. 50 at 1–2. That provision, which became effective on November 1, 2024, amended U.S.S.G. § 5H1.1 to say that "[a] downward departure . . . may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses." United States Sentencing Commission, *Amendment 829*, https://www.ussc.gov/guidelines/amendment/829 (last visited August 15, 2025); *United States v. Rivers*, No. 19-CR-36, 2025 WL 1148519, at *1 (D. Md. Apr. 18, 2025). Mr. Ezekiel did receive criminal history points for offenses he committed at a young age. Doc. 28 at ¶¶ 24, 26–27. But the Sentencing Commission did not make that amendment retroactive, *see* U.S.S.G. § 1B1.10(d); *Rivers*, 2025 WL 1148519, at *1 (collecting cases), and the policy statement explicitly excludes nonretroactive changes to the guidelines from serving as a change in law under § 1B1.13(b)(6). Mr. Ezekiel has not identified any other change in law.

In any event, even if the Court could consider this change in the guidelines, it is not likely that Mr. Ezekiel's sentence would be any different today. At his sentencing, the Court imposed a downward variance in large part because of his young age at the time of his earlier armed robbery conviction, so the Court essentially took into account the factor the guidelines now say is important. Doc. 37 at 37. Moreover, he has not shown that his sentence was unusually long or that there was a gross disparity between the sentence imposed and what he would receive today. He received the benefit of a very favorable plea agreement with a bargained-for sentence, and that sentence was about half of the minimum sentence suggested by the Guidelines. Mr. Ezekiel has not demonstrated an extraordinary and compelling circumstance under § 1B1.13(b)(6).

Mr. Ezekiel also points to his rehabilitative efforts since entering federal custody, Doc. 50 at 4, which suggests that he may also be relying on § 1B1.13(b)(5). That catchall provision authorizes a reduction for "any other circumstance or combination of circumstances that . . . are similar in gravity" to the first four reasons listed in the policy statement. U.S.S.G. § 1B1.13(b)(5). But "[r]ehabilitation of the defendant alone" is insufficient to constitute an extraordinary and compelling circumstance. 28 U.S.C. § 994(t); *see Crawley*, 140 F.4th at 169; U.S.S.G. § 1B1.13(d). "[I]t may be considered as one factor among several" in evaluation of a defendant's motion for compassionate release. *United States v. Davis*, 99 F.4th 647, 659 (4th Cir. 2024); *see* U.S.S.G. § 1B1.13(d). Mr. Ezekiel's age and rehabilitative efforts do not suffice, in the Court's weighing of things, and he has not presented any other factor that, in combination with his asserted rehabilitative efforts, constitutes an extraordinary and compelling circumstance.

### C. 18 U.S.C. § 3553(a) Sentencing Factors

Even if Mr. Ezekiel had shown an extraordinary and compelling circumstance, the § 3553(a) sentencing factors do not weigh in favor of a sentence reduction. *See United States v. Malone*, 57 F.4th 167, 176 (4th Cir. 2023). Mr. Ezekiel was involved in the distribution of dangerous controlled substances, including in a series of controlled purchases over several months. Doc. 28 at ¶¶ 3–10. During one of the controlled purchases, Mr. Ezekiel possessed a firearm and said that he would shoot any police officer who walked through his door because he was on his "third strike." Doc. 28 at ¶ 4.

Mr. Ezekiel also has a very long criminal history. He has been convicted of many felonies, including armed robbery and other robberies, assault with a deadly weapon inflicting serious injury, and drug possession and trafficking, as well as many misdemeanors. Doc. 28 at ¶¶ 18–32. Given his criminal history and the nature and circumstances of the offense, a sentence reduction from his below-guidelines sentence would not protect the public, provide adequate deterrence, or appropriately weigh the seriousness of his crimes. The Court already considered his young age at the time of his underlying criminal convictions at his original sentencing, Doc. 37 at 37, and the Court does not consider that factor differently today than it did then. Under these facts, his rehabilitative efforts and the other § 3553(a) factors do not change the Court's evaluation that a 188-month sentence is sufficient but not greater than necessary in Mr. Ezekiel's case.

It is **ORDERED** that the defendant's motion for sentence reduction, Doc. 50, is **DENIED**.

This the 18th day of August, 2025.

_____
UNITED STATES DISTRICT JUDGE